IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA PRESTON, aka DONNA MAE PRESTON,<br><br>    Petitioner,<br><br>  v.<br><br>MARY LATTIMER, Warden,<br><br>    Respondent. / | No. C 09-2262 WHA (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the Central California Women's Facility, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. She has filed a timely amended petition.

## STATEMENT

A jury convicted petitioner of first degree murder, *see* Cal. Penal Code 187(a), with personal use of a firearm, *see id.* at 12022.53(d), and the special circumstance of lying in wait, *see id.* at 190.2(a)(15). She was sentenced to a term of life without parole. Her conviction was affirmed with a minor change on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Petitioner also filed state habeas petitions, all of which were denied.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) counsel was ineffective in advising her to plead not guilty by reason of insanity ; (2) counsel provided ineffective assistance at trial; (3) there was prosecutorial misconduct; (4) the judge was biased against her; (5) her due process rights were violated by a failure to give certain jury instructions, and because the instructions given regarding manslaughter were deficient; and (6) an instruction given pursuant to CALJIC No. 8.11 unconstitutionally shifted the burden of proof.

When liberally construed, petitioner's claims are sufficient to require a response. In responding to the first four claims, respondent shall address all of the instances of ineffective assistance of counsel, prosecutorial misconduct, and judicial bias alleged by petitioner.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order and the amended petition

1  with attachments upon respondent and respondent's attorney, the Attorney General of the State
2  of California.  The clerk also shall serve a copy of this order on petitioner.

3   2. Respondent shall file with the court and serve on petitioner, within ninety days of the
4  issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
5  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
6  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state
7  trial record that have been transcribed previously and that are relevant to a determination of the
8  issues presented by the petition.

9   If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
10  court and serving it on respondent within thirty days of the date the answer is filed.

11   3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds
12  in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
13  Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the
14  court and serve on respondent an opposition or statement of non-opposition within thirty days
15  of the date the motion is filed, and respondent shall file with the court and serve on petitioner a
16  reply within fifteen days of the date any opposition is filed.

17   4. Petitioner is reminded that all communications with the court must be served on
18  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must
19  keep the court informed of any change of address and must comply with the court's orders in a
20  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
21  pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772
22  (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

23  **IT IS SO ORDERED.**

24  Dated: October  13  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\HC.09\PRESTON2262.OSC.wpd

3